{¶ 21} I respectfully dissent from the majority opinion. I believe there was ample evidence in the record upon which a reasonable trier of fact could conclude that the service technician breached the standard of care and that this breach was the proximate cause of the explosion. I do not think that expert testimony was required to establish causation.
 {¶ 22} The trial court correctly acknowledged, and common sense would indicate, that a reasonable juror could conclude that a flammable gas in an enclosed area with oxygen present that is ignited by a source of ignition will lead to an explosion. Here, the service technician, Mr. Prtenjak, was not experienced in the maintenance and repair of a hot oil heater and had never previously worked on a hot oil heater and had never been trained by Fulton to perform any such repairs. Despite his admitted inexperience, Prtenjak tried to restart the unit. After several failed attempts indicating a pilot flame failure, Prtenjak replaced the heater's pilot assembly (flame rod). When he attempted to restart the heater again, the unit exploded.
 {¶ 23} Prtenjak never attempted to determine why the pilot light was repeatedly failing and never turned off the main gas valve. Another technician who was sent to evaluate the explosion, Norm Milavec, testified that Prtenjak never should have tried to fire the heater with the main gas valves open and that "you always dry fire the boiler" and "you never try to fire with the main gas valve open." There was also testimony from Jeff Blough, Brewer-Garrett's "priority tech" for the Day-Glo account, who stated that a combustion explosion requires three elements: fuel, oxygen, and an ignition source. The testimony was consistent that the gas valve should have been turned off by Prtenjak. Common sense would indicate that if gas were not present in the combustion chamber, the hot oil heater could not have exploded.
 {¶ 24} I disagree with the majority's position that even if shutting off the main gas valve would have prevented the explosion, this would be insufficient to establish causation. The majority appears to accept Brewer-Garrett's argument that because the hot oil heater is a complex piece of equipment whose intricacies are outside the common knowledge of a lay person, expert testimony was required to determine the exact mechanism or problem therein that led to the explosion. I think that this position overstates the issue and that an explanation of the complexities of the heater was not pertinent to a determination in this case.
 {¶ 25} Even if the exact mechanism failure that led to the explosion was an unknown, it would be a matter of common knowledge that if the gas valve were turned off and the gas element were removed from the equation, an explosion could have been avoided. There was ample evidence upon which a jury could find Prtenjak failed to take the appropriate precautionary steps to prevent an explosion from occurring. This court has previously recognized that expert testimony is not required where the causal relationship is a matter of common knowledge. Driscoll v.Gruss (Jan. 28, 1999), No. 73815. It has also been recognized that causal relationships can be inferred from common sense and experience.Fogle v. Cessna Aircraft Co. (Jan. 16, 1992), Franklin App. No. 90AP-977. The jury in this case certainly would have been able to draw upon their own experiences and common sense to make a determination that gas was required for an explosion to occur.
 {¶ 26} Construing the evidence most strongly in favor of Day-Glo, a reasonable juror could reasonably conclude that had Prtenjak taken proper steps to determine the reason for the pilot light failure and/or turned off the main gas valve while attempting to restart the unit, the explosion would not have occurred. Thus, a reasonable juror could conclude that Prtenjak failed to repair the hot oil heater in a workmanlike manner and this failure was the proximate cause of the explosion. I would reverse the determination of the trial court and remand the case for trial.